## Case No. 612.
### ATKINSON v. HUBBARD.
[43 Hunt, Mer. Mag. 206.]
Circuit Court, D. Illinois. 1860.

#### CONTRACTS—SALE—VALIDITY.

[A principal can recover on a contract to buy made by his broker, where the seller, knowing nothing of the principal's financial standing, has agreed to write for information, and, if the answer is unsatisfactory, to accept security, although no answer at all has been received.]

[At law. Action by Richard Atkinson against Gurdon S. Hubbard & Co. for breach of a contract of sale. Judgment for plaintiff.]

Some time on or about the 4th day of November, 1858, Mr. J. K. Fisher, an extensive produce broker in this city, having several orders from different parties for the purchase of pork, called at the office of Hubbard and Hunt, and ascertained from Mr. Hubbard that they had one thousand barrels mess pork, which they would sell at $15 per barrel, February and March delivery, seller's option. Fisher agreed to buy the pork, and Hubbard agreed to sell. Fisher then gave Mr. Hubbard at different times the names of several persons as his principal, to each of whom Mr. Hubbard objected for the reason that he did not know anything about them. Fisher, on the morning of the 6th of November 1858, (Hubbard and Hunt having declined each of the names before given them,) gave them the name of the plaintiff, and said he was a member of the firm of Hewitt and Co., of New York, and was in every way responsible, and if, when they wrote to their New York correspondent, (which they volunteered to do,) his reply was not satisfactory, then he was willing to put up security at any time. Hubbard and Hunt both expressed their entire satisfaction, and said that was all right. Fisher at the time held money in his hands which belonged to Atkinson, and with which he was ready at any time to put up the required security. Hubbard and Hunt wrote to New York to inquire about Atkinson. Fisher, after allowing a reasonable time for a letter to get to New York and a reply to be received, called upon Messrs. Hubbard and Hunt on several occasions to know whether they had heard from New York, and if they would require him to put up the security, and received a reply from Messrs. Hubbard and Hunt that they had not heard. He called again on

or about the 16th of November to make the same inquiry, and then, for the first time, was told by Mr. Hunt that they had made no contract. Mr. Fisher told Mr. Hunt that it was as fair a purchase as he had ever made, and he should hold them to it. On the 31st of March, 1859, the last day in which Messrs. Hubbard and Hunt had the right to deliver the pork, Mr. Fisher called on them, and demanded the pork, and tendered them the sum of $15,000 in gold. They declined to receive the money or deliver the pork. From the 6th of November, 1858, until the 31st of March, 1859, there was a firm feeling and steady advance in the market, and on the 31st of March pork was worth $16.75 per barrel. Such was in substance the proof on the part of the plaintiff, and upon which he claimed a contract was made on the 6th of November, 1858, and for a breach of which he claimed damages.

The defendants claimed that there was no contract made on the 6th of November, 1858, and that they had the right to make the contract or not, as they pleased, on hearing from New York, and introduced evidence to establish their view of the case, which in many particulars, in relation to the making of the contract, was conflicting with the evidence introduced by the plaintiffs. Of amount of pork, time of delivery, the price to be paid for the same, and the price on the 31st of March, 1859, there was no dispute.

DRUMMOND, District Judge, presiding. The court instructed the jury that if they believed the parties mutually understood, on the 6th of November, that the contract was complete and binding in case the reply from New York was satisfactory, and that in such event nothing further was to be done by either party to complete the contract, then the contract was binding, and the plaintiff was entitled to recover; but, if both parties did not so mutually understand it, then the plaintiff could not recover.

The jury found a verdict for the plaintiff of $1,750.

The defendants have filed a motion for a new trial.